IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST CASSELL WOODS II,

    Plaintiff,                    No. CIV S-04-1225 LKK GGH P

    vs.

TOM L. CAREY, et al.,

    Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed with this action in forma pauperis pursuant to 28 U.S.C. § 1915. Pending before the court is plaintiff's August 24, 2005, request for appointment of a qualified medical examiner.

        The court has broad discretion to appoint experts in a litigation, and in cases where a party is indigent, the court can apportion all of the cost to the non-indigent party. McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir. 1991), judgment vacated on other grounds, Helling v. McKinney, 502 U.S. 903, 112 S.Ct. 291 (1991), on remand initial judgment reaffirmed, 951 F.2d 853, aff'd. sub nom. Helling v. McKinney, 509 U.S. 25, 113 S.Ct. 2745 (1993). However, in order for prisoner litigation to have some economic sanity, the court's discretion to appoint expert witnesses at the cost of the party who already has such witnesses, i.e.,

ultimately the state's taxpayers, should be exercised in only extraordinary situations.  In another context, such was the holding of <u>In re Joint E. & S. Dists. Asbestos Litigation</u>, 830 F.Supp. 686, 693 (E. & S. D.N.Y. 1993).

The standard that this court employs in prisoner litigation, to determine whether the situation is an extraordinary one, encompasses two factors: (1) indigency, and (2) a showing that an expert is necessary to prevent a potential miscarriage of justice, i.e., the court believes there is a <u>significant</u> possibility that an expert would change the outcome of the case in favor of the party who requests the expert assistance.  The latter showing is necessarily difficult in that a plaintiff quite often would desire to have access to the expert before having to make such a showing.  However, this court has appointed experts in prisoner litigation previously and has been able to discern the appropriate showing from the medical records or other exhibits—generally, gross disparities in proper conduct/treatment are evident to the lay person.

Plaintiff has not shown a significant possibility that an expert would change the outcome of the case in his favor.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for a court-appointed qualified medical examiner filed August 24, 2005 is denied.

DATED: 10/25/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:kf
wood1225.31c