IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST CASSELL WOODS, II,

    Plaintiff,                         No. CIV S-04-1225 LKK GGH P

    vs.

TOM CAREY, et al.,

    Defendant.                      ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's March 3, 2006, motion for leave to file an amended complaint. For the following reasons, this motion is denied.

        "Whether leave to amend should be granted is generally determined by considering the following factors: 1) undue delay; 2) bad faith; 3) futility of amendment; 4) prejudice to the opposing party." In re Rogstad, 126 F.3d 1224, 1228 (9th Cir. 1997).

        Plaintiff seeks leave to file an amended complaint naming as new defendants the law librarian supervisor (Mr. DeLap), the law librarian (Ms. Kosher) and the law librarian officer (Correctional Officer Stufflebeam). Plaintiff seeks leave to amend his complaint to include claims that these defendants violated his right to access the courts in December 2005 and January 2006.

1

This action is proceeding on the amended complaint filed October 28, 2004. The amended complaint contains two claims against defendants Warden Carey and Administrative Appeals Coordinators Dickinson and Cervantes: 1) defendants violated the Eighth Amendment by providing plaintiff with inadequate dental care; and 2) the inadequacies of the administrative appeal process violated plaintiff's right to due process.

Because the alleged grounds for the proposed new claims recently occurred, the court does not find undue delay or that plaintiff acted in bad faith. Nor does the court find futility of amendment. However, it is clear that defendants would be prejudiced were plaintiff permitted to amend his complaint at this time. Plaintiff's proposed new claims are entirely unrelated to those on which this action is proceeding. Discovery is closed and on March 6, 2006, the court issued findings and recommendations addressing defendants' summary judgment motion. To permit plaintiff to amend his complaint to add these claims would significantly delay the resolution of this action, thus prejudicing the defendants. Plaintiff should file a new civil rights action if he wishes to litigate these new claims.

On March 17, 2006, defendants filed a request to vacate the requirement that they file a pretrial statement. On March 24, 2006, defendants filed an amended request. Pursuant to the July 18, 2005, scheduling order, the pretrial conference is set for March 31, 2006. The jury trial is set for June 20, 2006. Because defendants' summary judgment motion remains pending before the district judge, the court will vacate these dates.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 3, 2006, motion for leave to file an amended complaint is denied;

2. Defendants' March 17, 2006, request to vacate the requirement of filing a pretrial statement is granted;

/////

/////

3. The March 31, 2006, pretrial conference and June 20, 2006, jury trial set before the Honorable Lawrence K. Karlton are vacated; these dates will be later re-set, if appropriate.

DATED: 3/31/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
wo1225.ame