IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST C. WOODS, II,

    Plaintiff,     No. CIV S-04-1225 LKK GGH P

    vs.

TOM L. CAREY, et al.,     <u>ORDER AND</u>

    Defendants.     <u>FINDINGS & RECOMMENDATIONS</u>

_____/

I. <u>Introduction</u>

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The defendants in this action are Warden Carey and Administrative Appeals Coordinator Cervantes. This action is proceeding on the amended complaint filed October 28, 2004. Plaintiff alleges that he received inadequate dental care.

    Pending before the court is defendants' December 13, 2006, motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b). For the following reasons, the court recommends that defendants' motion be denied in part and granted in part.

II. <u>Legal Standard for Exhaustion of Administrative Remedies</u>

    42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

1

any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely exhaust their administrative remedies. 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

In Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006), the Supreme Court held that a prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal.

III.  Analysis

In the pending motion, defendants argue that plaintiff did not exhaust his administrative remedies because the two administrative appeals he filed regarding the claims raised in this action were denied based on his failure to follow the proper grievance procedures. Plaintiff filed an administrative grievance on November 27, 2003, concerning prison officials' failure to repair his broken dentures. Plaintiff filed an administrative grievance on December 3, 2003, alleging that prison officials failed to repair his broken tooth.

/////

/////

*November 27, 2003, Grievance*

In the November 27, 2003, grievance, plaintiff stated that on October 24, 2002, he submitted an application to see the dentist based on his partial being broken and had still not seen a dentist. Amended Complaint, Exhibit C. The informal response by E. Gonnelle dated December 1, 2003, stated that on October 30, 2002, plaintiff was seen for an extraction and his name was removed from the list of inmates waiting to see the dentist. Id. The response stated that if plaintiff wanted to see a dentist he would have to submit another 7302 form to have his name re-entered on the list. Id.

In his December 4, 2003, appeal from the informal level appeal, plaintiff stated that on October 24, 2002, he submitted a 7302 form for the repair of his broken partial which he could not wear anymore. Id. Plaintiff stated that he was seen for the extraction on October 30, 2002, on an emergency basis and not based on a request contained in a 7302 form. Id.

On December 4, 2003, defendant Cervantes returned the appeal to plaintiff because he had not attempted to resolve the problem at the informal level with the medical appeals analyst in accordance with Cal. Code Regs. tit. 15, § 3084.(c)(3). Defendants' December 16, 2005, motion for summary judgment, Cervantes declaration, exhibit 2. The response goes on to state, "Forward 602 directly to medical appeals analyst for informal level review by dental staff." Id.

In the verified amended complaint, plaintiff alleges that he then submitted his appeal to the medical appeals analyst, but on February 19, 2004, received a Medical Screening Form stating that the informal response was already completed:

> Informal Response already completed. First Level Appeal requests must be processed through the Inmate Appeals Office (not Medical Appeal Office) initially for assignment of a log number. After the Inmate Appeals Office assigns a log number, they will then forward you appeal back to our office for processing.

Amended Complaint, Exhibit F.

/////

In the motion to dismiss, defendants argue that defendant Cervantes actually denied the administrative appeal discussed above on grounds that it was untimely. Citing Ngo, supra, defendants argue that this appeal did not exhaust administrative remedies because it was denied based on plaintiff's failure to follow the proper procedures. In support of this argument, defendants cite defendant Cervantes' declaration which states,

> 8. I determined that too great a time lapsed per CCR 3084.3(c)(6), which states that an appeal can be rejected if the time limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints. Even though plaintiff did not attach the corresponding CDC-695 form to his complaint, at the bottom left hand corner of Exhibit I is date [sic] I received his appeal (12-15-03), my initials and the number 6. The number 6 corresponds to the CDC-695 form which states, "There has been too great of time lapse per CCR 3084.3(c)(6)."

Defendants' December 16, 2005, motion for summary judgment, Cervantes declaration, exhibit 2.

While defendant Cervantes may have written the number 6 with his initials on plaintiff's appeal form, he did not deny actually plaintiff's appeal as untimely. He did not mark the line next to the number 6 on his appeal response, which would have indicated that the appeal was untimely. Amended Complaint, Exhibit E. As discussed above, he instead rejected the appeal because plaintiff did not attempt to resolve the problem at the informal level by submitting it to the medical appeals analyst.

With regard to the rejection of the appeal based on plaintiff's failure to resolve the problem at the informal level, plaintiff's appeal form indicates that he did follow the appeal procedures. As discussed above, plaintiff followed the directions given to him by defendant Cervantes and submitted his appeal to the medical appeals analyst. The medical appeals analyst, in turn, rejected the appeal because the appeal had to first be processed through the appeals office for assignment of a log number. Plaintiff had, in fact, already submitted his appeal to the appeals office. In his attempt to exhaust his claim regarding his broken partials, plaintiff got what could be described as "the runaround."

1  Prison officials, not plaintiff, failed to follow the proper procedures regarding the
2 processing of the appeal discussed above.  Either defendant Cervantes or the medical appeals
3 analyst rejected the appeal on improper grounds.  Under these circumstances, this appeal was
4 properly exhausted.  See Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time
5 limit for prison's response has expired, the remedies are exhausted); Mitchell v. Horn, 318 F.3d
6 523, 529 (3d Cir. 2003) (a remedy prison officials prevent a prisoner from utilizing is not an
7 available remedy).

*December 3, 2003, Grievance*

9  The grievance filed December 3, 2003, stated that on December 2, 2003, plaintiff
10 broke his tooth.  Amended Complaint, Exhibit D.  Plaintiff requested that he be seen
11 immediately by the dental staff for repair of his tooth.  Id.  The informal response, dated
12 December 31, 2003, stated that there was no record of plaintiff formally requesting dental care by
13 way of a 7302 form.  Id.  The response advised plaintiff to submit a 7302 form but that if he had
14 a dental emergency, he should have a Correctional Officer call the dental clinic for an
15 appointment.  Id.

16  Plaintiff's signature on his appeal of the informal response is dated January 8,
17 2004.  Id.  On February 20, 2004, defendant Cervantes returned the appeal to plaintiff on grounds
18 that too much time had elapsed in that he had failed to file an appeal within fifteen working days
19 pursuant to Cal. Code Regs. tit. 15, § 3084.3(c)(6).  Defendants' December 16, 2005, motion for
20 summary judgment, Cervantes declaration, exhibit 2.  The response concluded,

> Appeals officer received your 602 requesting formal level on 2-20-04.  The informal level review was completed on 12-31-03.  Your appeal is rejected due to untimely filing.  Please start is [sic] new.  Cont. 602 if you are still being denied dental care.

24 Id.
25 /////
26 /////

5

1    The appeal response also stated that the screening action could not be appealed
2 unless plaintiff alleged that the reason the appeal was denied, i.e. untimeliness, was inaccurate.
3 Id.  Plaintiff apparently did not appeal from this decision.
4    In his opposition and other pleadings, plaintiff does not explain the delay between
5 the time he signed his appeal and when it was received by the appeals officer, i.e. from January 8,
6 2004, to February 20, 2004.  The inference to be drawn, without any explanation, is that plaintiff
7 submitted his appeal to the appeals office well after he actually signed it.
8    Pursuant to Ngo, the court finds that the claims raised in the December 3, 2003,
9 grievance are unexhausted because the appeal was rejected as untimely.  Accordingly, the motion
10 to dismiss the claim regarding the broken tooth should be granted as this claim is not exhausted.
11 IV.  Defendants' Motion to Strike
12    On December 26, 2006, plaintiff filed a reply to defendants' motion to dismiss.
13 On January 2, 2007, defendants filed a reply to plaintiff's opposition.  On January 19, 2007,
14 plaintiff filed objections to defendants' reply.  Attached to the objections are four letters to
15 plaintiff from N. Grannis, Chief of Inmate Appeals for the California Department of Corrections
16 and Rehabilitation.  These letters all state that they are returning various documents to plaintiff
17 because he did not follow the proper procedures for exhausting administrative remedies.
18    On January 26, 2007, defendants filed a motion to strike plaintiff's January 19,
19 2007, objections.  Attached to defendants' motion is the declaration of N. Grannis.  In this
20 declaration, N. Grannis states that the four appeals addressed in the correspondences attached to
21 plaintiff's objections concerned custody/classification and disciplinary issues and not dental care
22 or staff complaints.
23    On February 5, 2007, plaintiff filed a 45 page objection to defendants' motion to
24 strike.  On February 20, 2007, plaintiff filed a request for judicial notice.  On February 26, 2007,
25 defendants filed objections to plaintiff's request for judicial notice.  On March 9, 2007, plaintiff
26 filed objections to defendants' objections.

1 Plaintiff's pleadings filed after his original December 26, 2006, opposition to
2 defendants' motion to dismiss are improper.  See Local Rule 78-230(m) (there shall be a motion,
3 opposition and reply).  Plaintiff is not permitted to continuously file briefing in support of his
4 opposition.  In any event, the court has reviewed plaintiff's pleadings and find that they do not
5 demonstrate exhaustion of his claim concerning his broken tooth.  For the reasons discussed
6 above, defendants' motion to strike plaintiff's plaintiff's January 19, 2007, opposition is granted.
7 Plaintiff's additional pleadings are disregarded because they were filed in violation of Local Rule
8 230(m).

9 Accordingly, IT IS HEREBY ORDERED that:

10 1. Defendants' January 26, 2007, motion to strike is granted; plaintiff's January
11 19, 2007, objections are stricken;

12 2. Plaintiff's objections filed February 5, 2007, and February 26, 2007, and his
13 request for judicial notice filed February 20, 2007, are disregarded;

14 IT IS HEREBY RECOMMENDED that defendants' December 13, 2006, motion
15 to dismiss for failure to exhaust administrative remedies be granted as to claim concerning the
16 broken tooth; defendants' motion to dismiss be denied as to plaintiff's claim concerning
17 defendants' failure to repair his dentures.

18 These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
20 days after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties.  Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
23 /////
24 /////
25 /////
26 /////

1 shall be served and filed within ten days after service of the objections.  The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
4 DATED:  8/3/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

8 woods.mtd