IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST C. WOODS, II,

    Plaintiff,                    No. CIV S-04-1225 LKK GGH P

    vs.

TOM L. CAREY, et al.,

    Defendants.          <u>ORDER</u>

_____/

        On August 3, 2007, the court recommended that defendants' motion to dismiss for failure to exhaust state court remedies be granted in part and denied in part. The court recommended that defendants' motion be granted as to plaintiff's claim concerning his broken tooth. In particular, the court found that plaintiff signed an informal grievance regarding this issue on January 8, 2004. On February 20, 2004, defendant Cervantes returned the appeal to plaintiff on grounds that too much time had elapsed in that he failed to file the appeal within fifteen working days.

        In the findings and recommendations, the court observed that plaintiff did not explain the delay between the time he signed his appeal and when it was received by the appeals officer, i.e. from January 8, 2004, to February 20, 2004. The court found that the inference to be drawn, without any explanation, was that plaintiff submitted his appeal to the appeal office well

1

after he signed it.  Pursuant to <u>Woodford v. Ngo</u>, ___ U.S. ___, 126 S.Ct. 2378 (2006) the court found that the claim raised in this appeal was unexhausted because the appeal was rejected as untimely.

In his objections filed September 6, 2007, plaintiff states that prison staff at the Correctional Training Facility (CTF) have been withholding his legal property regarding this case for months.  Objections, p. 5.  Plaintiff alleges that he could prove that his appeal was timely if he had access to his legal property.  Objections, p. 5.  Attached to plaintiff's opposition is a memorandum dated August 23, 2007, partially granting plaintiff's administrative appeal regarding access to his legal property.  This document indicates that because plaintiff is housed in administrative segregation (ad seg), he must request access to his legal property.  The document states that during the week of July 16, 2007–July 20, 2007, plaintiff was allowed access to his legal property.

In his objections, plaintiff is apparently contending that he has not had access to his legal property since July 2007.  The court is concerned that plaintiff was unable to adequately prepare his objections because he did not have access to his legal property.

Usually persons or entities not parties to an action are not subject to orders for injunctive relief.  <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).  However, the fact one is not a party does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  <u>See</u> generally <u>S.E.C. v. G.C. George Securities, Inc.</u>, 637 F.2d 685 (9th Cir. 1981); <u>United States v. New York Telephone Co.</u>, 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  <u>Plum Creek Lumber Company v. Hutton</u>, 608 F.2d 1283, 1289 (9th Cir. 1979).

The named defendants to this action are not employed at CTF and cannot control

plaintiff's law library access at CTF.  Usually persons or entities not parties to an action are not subject to orders for injunctive relief.  <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).  However, the fact one is not a party does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  <u>See generally</u> <u>S.E.C. v. G.C. George Securities, Inc.</u>, 637 F.2d 685 (9th Cir. 1981); <u>United States v. New York Telephone Co.</u>, 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  <u>Plum Creek Lumber Company v. Hutton</u>, 608 F.2d 1283, 1289 (9th Cir. 1979).

The court is concerned that it may lose its jurisdiction if plaintiff is unable to prosecute this action because he does not have access to his legal materials.

Accordingly, IT IS HEREBY ORDERED that:

1. The August 3, 2007, findings and recommendations and defendants' December 13, 2006, motion to dismiss are vacated;

2. Within twenty days of the date of this order, the Warden of the Correctional Training Facility shall inform the court regarding plaintiff's access to his legal property;

3. The Clerk of the Court is directed to serve this order on the Warden of the Correctional Training Facility, P.O. Box 689, Soledad, California, 93906-0689.

DATED: 9/13/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

wo1225.vac