IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST C. WOODS, II,

    Plaintiff,                      No. CIV S-04-1225 LKK GGH P

    vs.

TOM L. CAREY, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's December 7, 2007, motion for a preliminary injunction for the following reasons, this motion should be denied.

        The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." <u>Dollar Rent A Car v. Travelers Indem.</u>

/////

/////

/////

1

1  Co., 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria are traditionally treated as alternative
2  tests.  "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates
3  'either a combination of probable success on the merits and the possibility of irreparable injury or
4  that serious questions are raised and the balance of hardships tips sharply in his favor.'"  Martin
5  v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis &
6  Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)).  The Ninth
7  Circuit has reiterated that under either formulation of the principles, if the probability of success
8  on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

12  Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting
13  Martin, 740 F.2d at 675).
14          This action is proceeding on claims related to plaintiff's dental care.  The pending
15  motion seeks injunctive relief regarding plaintiff's chronic stomach problems.  As discussed
16  above, to obtain injunctive relief plaintiff must demonstrate a strong likelihood of success on the
17  merits.  Because claims regarding plaintiff's stomach problems are not being litigated in this
18  action, he has not demonstrated a likelihood of success on the merits were the court to grant his
19  motion for injunctive relief.
20          Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's December 7,
21  2007, motion for a preliminary injunction be denied.
22          These findings and recommendations are submitted to the United States District
23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24  days after being served with these findings and recommendations, any party may file written
25  objections with the court and serve a copy on all parties.  Such a document should be captioned
26  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1 shall be served and filed within ten days after service of the objections.  The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4 DATED:   12/21/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

8 wo1225.pi