IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST C. WOODS, II,

    Plaintiff,                    No. CIV S-04-1225 LKK GGH P

    vs.

TOM L. CAREY, et al.,

    Defendants.          ORDER

_____/

        On April 3, 2008, the court issued a further scheduling order directing plaintiff to file his pretrial statement on or before July 18, 2008. On April 4, 2008, plaintiff filed a request for extension of time to file his pretrial statement and a motion for appointment of counsel. Plaintiff states that he cannot prepare his pretrial statement because he has been without his "case file" since October 19, 2007. Plaintiff requests that the court appoint counsel to represent him.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's

1

request for the appointment of counsel will therefore be denied.

The issue of plaintiff's access to his case file has been previously addressed in this action and will not be detailed here. Attached to plaintiff's April 4, 2008, motion are copies of responses to plaintiff's administrative grievances regarding access to his legal property. These responses, dated January and April 2008 state that prison officials cannot locate any of the allegedly missing property. Prison officials indicate all of plaintiff's property was transferred with him to the prison where he is now located. In other words, plaintiff's claim that he is missing legal property cannot be substantiated.

So that this action may proceed, defendants are ordered to send plaintiff copies of the October 28, 2004, amended complaint, the April 8, 2005 answer, defendants' December 16, 2005, summary judgment motion and exhibits, plaintiff's January 10, 2006, opposition to the summary judgment motion, the March 6, 2006, findings and recommendations, plaintiff's March 20, 2006, objections to the findings and recommendations, Judge Karlton's September 28, 2006, order adopting the findings and recommendations, defendants' December 13, 2006, motion to dismiss, plaintiff's December 26, 2006, opposition to the motion to dismiss, the August 3, 2007, order and findings and recommendations, and Judge Karlton's February 15, 2008, order.

If plaintiff is missing documents other than those listed above, he shall file a short description of these missing documents within thirty days including a discussion of why the documents are necessary to prepare his pretrial statement. If plaintiff does not respond to this order, his pretrial statement is due in accordance with the date set forth in the April 3, 2008, further scheduling order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 4, 2008, motion for appointment of counsel is denied;

2. Within twenty days of the date of this order, defendants shall serve plaintiff with the documents listed above;

/////

3. Plaintiff is granted thirty days from the date of this order to file the pleading described above regarding additional missing documents; if plaintiff does not file this pleading, his pretrial statement is due in accordance with the date set forth in the April 3, 2008, further scheduling order.

DATED: 05/01/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

wo1225.ord