IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST CASSELL WOODS, II,

    Plaintiff,                            No. CIV S-04-1225 LKK GGH P

   vs.

TOM L. CAREY, et al.,

    Defendants.                ORDER

_____/

        On September 8, 2008, a trial confirmation hearing was held before the Honorable Lawrence K. Karlton. Judge Karlton remanded this matter back to the undersigned for further pretrial proceedings.

        In objections to the pretrial order, defendants argue that plaintiff's claims for injunctive relief should be dismissed. Defendants are located at California State Prison-Solano. Plaintiff is now housed at San Quentin State Prison. Defendants cannot respond to an order for injunctive relief now that plaintiff is housed at San Quentin. Accordingly, plaintiff is ordered to show cause why his claims for injunctive relief should not be dismissed.[1]

/////

---

[1] Plaintiff's claim for injunctive relief has not been previously dismissed. See March 6, 2006, findings and recommendations, p. 9: 12-13.

1

1    In his objections to the pretrial order, plaintiff states that he intends to call 11
2 incarcerated witnesses and 8 non-incarcerated witnesses.  Plaintiff has not complied with the
3 requirements set forth in the July 18, 2005, scheduling order for obtaining the attendance of
4 incarcerated witnesses.  Accordingly, within twenty days of the date of this order, plaintiff shall
5 file further briefing in support of his request for incarcerated witnesses.  Plaintiff is also informed
6 that the court does not have the resources to provide for the attendance of 11 incarcerated
7 witnesses.  In his further briefing, plaintiff shall identify the 3 incarcerated witnesses most
8 important to his case.

9    In his objections to the pretrial order, plaintiff also objects to defense witness
10 Beltran on grounds that she played no role in the case.  If plaintiff determines that Ms. Beltran's
11 testimony is not relevant, he may make that objection at trial.

12    At the trial confirmation hearing, defense counsel stated that defense exhibits
13 were sent to plaintiff.  Plaintiff stated that he had been unable to send defense counsel his exhibit.
14 Accordingly, within twenty days of the date of this order, plaintiff shall send defense counsel his
15 exhibit identified in the pretrial order.

16    Plaintiff has requested the appointment of counsel.  The United States Supreme
17 Court has ruled that district courts lack authority to require counsel to represent indigent
18 prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In
19 certain exceptional circumstances, the court may request the voluntary assistance of counsel
20 pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991);
21 <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court
22 does not find the required exceptional circumstances.  Plaintiff's request for the appointment of
23 counsel will therefore be denied.

24    Accordingly, IT IS HEREBY ORDERED that:

25    1. Within twenty days of the date of this order, plaintiff shall show cause why his
26 claims for injunctive relief should not be dismissed;

1  2. Within twenty days of the date of this order, plaintiff shall file further briefing in support of his incarcerated witnesses; within twenty days, plaintiff shall also serve defense counsel with his exhibit;

3. A further trial confirmation hearing is set before Judge Karlton on December 8, 2008, at 11:15 a.m.

4. The October 28, 2008, jury trial is vacated and reset for February 10, 2009, at 10:30 a.m. before Judge Karlton.

5. Plaintiff's August 22, 2008, motion for appointment of counsel (# 195) is denied.

DATED: 09/12/08                    /s/ Gregory G. Hollows
                                   _____
                                   UNITED STATES MAGISTRATE JUDGE

woods.fo