IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST CASSELL WOODS, II,

        Plaintiff,                              No. CIV S-04-1225 LKK GGH P

   vs.

TOM L. CAREY, et al.,

        Defendants.           ORDER

_____/

       On September 12, 2008, the court ordered plaintiff to file further briefing identifying his incarcerated witnesses and describing their proposed testimony. On September 22, 2008, plaintiff filed his briefing in support of his witnesses. To put plaintiff's request for witnesses in context, the court will summarize the claims on which this action is proceeding to trial.

       This action is proceeding to trial against defendant Cervantes as to plaintiff's claim for money damages.[1] Plaintiff alleges that defendant Cervantes' handling of his administrative grievance regarding broken dentures violated his Eighth Amendment right to

---

[1] The court has separately recommended that the remaining claims for injunctive relief against defendant Cervantes and Carey, against whom plaintiff made no claim for damages, be dismissed.

1

adequate dental care.

Plaintiff submitted a grievance on November 27, 2003, stating that on October 24, 2002, he submitted an application to see a dentist based on his partial being broken and had still not seen a dentist. The informal response by E. Gonnelle dated December 1, 2003, stated that on October 30, 2002, plaintiff was seen for an extraction and his name was removed from the list of inmates waiting to see a dentist. The response stated that if plaintiff wanted to see a dentist, he would have to submit another 7302 form for have his name re-entered on the list.

In his December 4, 2003, appeal from the informal level appeal, plaintiff stated that on October 24, 2002, he submitted a 7302 form for the repair of his broken partial which he could not wear anymore. Plaintiff stated that he was seen for the extraction on October 30, 2002, on an emergency basis and not based on a request contained in a 7302 form.

On December 4, 2003, defendant Cervantes returned the appeal to plaintiff because he had not attempted to resolve the problem at the informal level with the medical appeal analyst in accordance with Cal. Code Regs. tit. 15, § 3084.3(c)(3). The response goes on to state "Forward 602 directly to medical appeal analyst for informal level review by dental staff."

Plaintiff alleges that he then submitted the informal level appeal for direct review, but on February 19, 2004, received a Medical Appeals Screening Form stating that he should have filed his appeal with the Inmate Appeals Office:

> Informal Response already completed. First Level Appeal request must be processed through the Inmate Appeals Office (not Medical Appeals Office) initially for assignment of a log number. After the Inmate Appeals Office assigns a log number, they will then forward your appeal back to our office for processing.

Amended Complaint, Exhibit F.

On March 6, 2006, the court recommended that defendants' summary judgment be denied as to the Eighth Amendment claim against defendant Cervantes regarding her handling of plaintiff's grievance regarding his broken partial. The court found that the broken partial

constituted a serious medical need. The court found that defendant Cervantes improperly denied plaintiff's appeal for failing to resolve the problem at the informal level because the appeal form indicated that plaintiff had followed the appeals procedures, he had a serious dental condition, and clearly explained how his name had been improperly removed from the dental list. The court found that the denial of this appeal could reasonably be interpreted as a ratification of a policy to provide inadequate dental care. The court stated that defendant's responses to these appeals indicated an unwillingness to respond to a legitimate complaint regarding inadequate dental care. On September 28, 2006, the district court adopted these findings and recommendations.

Plaintiff's September 22, 2008, pleading identifies four inmate witnesses: Seven Monger, W.L. Cole, George Arlow and Stephen R. Fisher.

Plaintiff alleges that inmates Monger and Cole would testify regarding the deficient appeal procedures at California State Prison-Solano. The quality of the processing of administrative appeals at California State Prison-Solano is not at issue in this instant case. Rather, the issue is whether by improperly denying plaintiff's administrative appeal, defendant Cervantes ratified a policy of providing inadequate dental care at California State Prison-Solano. Plaintiff does not claim, for example, that inmates Monger and Cole would testify that their administrative appeals seeking dental care were improperly processed. Accordingly, plaintiff's request to call inmates Monger and Cole is denied.

Plaintiff alleges that inmates Arlow and Fisher would testify about mail tampering. Mail tampering is not at issue in this case. Accordingly, plaintiff's request to call inmates Arlow and Fisher as witnesses is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to call inmate witnesses, contained in his September 22, 2008, pleading is denied.

DATED: 10/24/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

woods.wit