1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EARNEST CASSELL WOODS, II.,

11            Plaintiff,                    No.  2:04-cv-1225 LKK GGH P

12      vs.

13   TOM L. CAREY, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff has requested the appointment of counsel.  The United States Supreme

17   Court has ruled that district courts lack authority to require counsel to represent indigent

18   prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In

19   certain exceptional circumstances, the court may request the voluntary assistance of counsel

20   pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991);

21   <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

22   does not find the required exceptional circumstances.  <u>See</u>, <u>e.g.</u>, Doc. No. 261 at 3.

23          As the docket in this indicates, plaintiff has gone to trial already against defendant

24   Cervantes, a trial in which plaintiff succeeded in prevailing on his claim.  Defendant Carey had

25   been awarded summary judgment on the merits, and one claim against both defendants was

26   dismissed for failure to exhaust.  The Ninth Circuit reversed on these latter claims, but solely on

1

account of the length of time that the <u>Rand</u> and <u>Wyatt</u> informational notices had been given prior to the filing of the motions in question, i.e., they were not contemporaneously given.  Docket # 260.   These issues will now be revisited in motions accompanied with the required informational notice.  The bases of the merits of the previous motions have been extensively, previously briefed and plaintiff is well aware of those bases.  All plaintiff has to do herein is add material evidence to contradict the bases, assuming there is any material evidence to add.  Counsel is not necessary for this task.  If plaintiff's case survives the renewed motions, the court will reconsider its denial of counsel.

Plaintiff's motion for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's August 23, 2012 motion for the appointment of counsel (Docket No. 264) is denied.

DATED: September 25, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:rb
wood1225.31