UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST CASSELL WOODS, II, | No. 2:04-cv-1225 LKK AC P |
| Plaintiff, | |
| v. | ORDER |
| TOM L. CAREY, Warden, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 19, 2013, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Defendants have filed objections to the findings and recommendations, (ECF No. 284), and plaintiff has replied to defendants' objections. (ECF No. 287).[1] Defendants' objections are accompanied by a request

---

[1] Plaintiff also filed a document styled as objections to the findings and recommendations (ECF No. 283). Though styled as objections to the findings and recommendations, plaintiff's response consists primarily of arguments about alleged improper appeals and mail procedures at California State Prison-Solano and is accompanied by declarations from "other prisoners who have experienced the Solano Appeals process and a newspaper article… [entitled] 'Stop Mail tampering at Solano.'" (ECF No. 283 at 1). Plaintiff fails to show that this evidence is relevant

1

1   for judicial notice of two documents, a part of the California Department of Corrections and
2   Rehabilitation (CDCR) Department Operations Manual (DOM), and excerpts from the transcript
3   of the trial on plaintiff's other claims against defendant Cervantes (ECF No. 284-2).  Good cause
4   appearing, defendants' request for judicial notice will be granted.

5         This matter is before the court following an order of remand from the United States Court
6   of Appeals for the Ninth Circuit on the motion of defendants Carey and Cervantes to dismiss for
7   failure to exhaust administrative remedies plaintiff's claims against them arising from an inmate
8   grievance filed by plaintiff on December 3, 2003, seeking repair of a tooth he stated had broken
9   while he was eating on December 2, 2003.[2]  The magistrate judge found that defendants have
10  failed to meet their burden of showing that plaintiff's grievance was properly screened out as
11  untimely at the first formal level of administrative review or that administrative remedies
12  remained available to plaintiff after that grievance was returned to plaintiff by the Medical
13  Appeals Analyst on February 19, 2004.  Findings and Recommendations, filed June 19, 2013
14  (ECF No. 282) at 9-10.  The magistrate judge therefore recommended that the motion to dismiss
15  be denied.  Id. at 11.

16        In their objections, defendants contend that they met their burden of showing that plaintiff
17  did not exhaust his administrative remedies for these claims, that the burden is on plaintiff to
18  /////

19  

20  to the issue whether plaintiff exhausted available administrative remedies and the court declines
21  to consider it.

22  [2] The other claims raised in this action, which arose from an inmate grievance initially submitted by plaintiff on November 17, 20013 concerning the failure to repair a broken partial (November
23  Grievance), proceeded to trial in February 2009.  Defendant Carey's motion for summary judgment was granted on this claim, and the action proceeded to trial on plaintiff's claim against
24  defendant Cervantes.  Judgment was entered in favor of plaintiff and against defendant Cervantes after trial.  (ECF Nos. 230, 232.)  The jury verdict was affirmed on appeal.  (ECF No. 261.)  In a
25  separate opinion, the United States Court of Appeals reversed the grant of summary judgment for defendant Carey and the prior dismissal of the remaining claim for failure to exhaust
26  administrative remedies.  Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).  Defendants do not by
27  the motion at bar seek dismissal of the claims arising from the broken partial.  See Motion to Dismiss, filed October 18, 2012 (ECF No. 269-1) at 2 n.1.  However, some of the facts related to
28  processing of the November Grievance are relevant to the motion at bar.

1  show that administrative remedies were unavailable, and that plaintiff did and cannot meet this
2  burden.

3      The amended complaint contains two claims arising from the events at bar:  an Eighth
4  Amendment claim for deliberate indifference to dental needs, and a due process claim based on
5  rejection of his inmate appeal as untimely.  Defendants' motion is focused only on the question of
6  whether plaintiff pursued, or was excused from pursuing, his December 3, 2003 inmate grievance
7  to the final level of administrative review.  That question does not implicate plaintiff's due
8  process claim, which would require examination of whether plaintiff filed an inmate grievance
9  complaining about the alleged improper screening of his December 3, 2003 grievance as untimely
10 at the first formal level of review.  See Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010)
11 (plaintiff cannot "pursue freestanding claim" for improperly screening of administrative appeal
12 where plaintiff "did not attempt to pursue administrative remedies for" that problem before filing
13 suit).  For that reason, the court will deny defendants' motion to dismiss plaintiffs' due process
14 claim without prejudice.

15     With respect to plaintiff's Eighth Amendment claim, defendants object to the magistrate
16 judge's finding that defendants have not met their burden of showing that plaintiff failed to
17 exhaust available administrative remedies.  Defendants contend, correctly, that plaintiff concedes
18 that he did not pursue his December 3, 2003 grievance to the third and final level of
19 administrative review.  See Ex. A to Motion to Dismiss (ECF No. 269-3), Amended Complaint
20 filed October 28, 2004 at 2.  Thus, the burden shifts to plaintiff to show that the screening by
21 Cervantes was improper and rendered administrative remedies unavailable.  See Albino v. Baca,
22 697 F.3d 1023, 1031 (9th Cir. 2012).

23     In Albino, the United States Court of Appeals discussed circumstances under which
24 improper screening of an inmate's appeals make administrative remedies "'effectively
25 unavailable' such that exhaustion [was] not required under the PLRA."  Albino, 697 F.3d at 1033
26 (quoting Sapp, 623 F.3d at 823).  The court quoted from Sapp, in which the panel "noted that [its]
27 holding
28 /////

> promote[d] exhaustion's benefits by removing any incentive prison officials might otherwise have to avoid meaningfully considering inmates' grievances by screening them for improper reasons. Excusing a failure to exhaust when prison officials improperly screen an inmate's administrative appeals helps ensure that prison officials will consider and resolve grievances internally and helps encourage use of administrative proceedings in which a record can be developed that will improve the quality of decisionmaking in any eventual lawsuit. At the same time, this exception does not alter prisoners' incentive to pursue administrative remedies to the extent possible.

Id. (quoting Sapp at 623). The Albino court also noted that exhaustion can be excused where an inmate takes "reasonable and appropriate steps" to exhaust but is precluded from exhausting not through his own fault but due to mistaken information from prison officials. Id. at 1033 (discussing Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010)).

As set out in the findings and recommendations, plaintiff filed two separate inmate grievances seeking dental care, one on November 17, 2003 for repair of his partial, and one on December 3, 2003 seeking repair of his broken tooth. Findings and Recommendations (ECF No. 282) at 3-4. Interwoven in the factual mix are two screening forms "which do not, on their face, refer to any particular 602 submitted by the plaintiff." Id. at 4. Those two screening forms are central to the matters at bar, and each party has a different theory about their role. The first, dated December 4, 2003, returns an appeal concerning a dental issue to plaintiff for failure to attempt an informal level review with the Medical Appeals Analyst, and directs him to "[f]orward the 602 directly to the Medical Appeals Analyst for informal level review by Dental Staff." Ex.A to Defendants' October 18, 2013 Request for Judicial Notice (RJN) (ECF No. 269-3), Amended Complaint, Ex. E. The second is a Medical Appeals Screening Form dated February 19, 2004, which returns a 602 to plaintiff because the informal response had been completed, and informs him that "First Level Appeal requests must be processed through the Inmate Appeals Office (not Medical Appeal Office) initially for assignment of a log number. After the Inmate Appeals Office assigns a log number, they will then forward your appeal back to our office for processing." Id. at Amended Complaint, Ex. F. The magistrate judge found that "[p]laintiff's own confusion regarding the various complaints and dates prevents this court from determining

4

whether defendants affirmatively prevented plaintiff from exhausting" but that plaintiff did not have to establish that because the burden had not shifted. Findings and Recommendations (ECF No. 282) at 10 n.5. In fact, for the reasons set forth herein, the burden has shifted to plaintiff to show that administrative remedies were "effectively unavailable" for the Eighth Amendment claim arising from the alleged delay in treatment for plaintiff's broken tooth, which was the subject of plaintiff's December 3, 2003, and the magistrate judge should consider the facts through that lens should defendants renew their 12(b) motion.

Under all of the circumstances, the court finds the interests of judicial economy will be served by denying without prejudice defendants' motion to dismiss and adopting the magistrate judge's recommendation that dispositive motions be filed within twenty-eight days. This order will be without prejudice to defendants' right to renew, as part of their dispositive motion, their contention that plaintiff failed to exhaust administrative remedies for either his Eighth Amendment or his due process claim arising from the broken tooth and the December 3, 2003 grievance by which he sought dental treatment. Defendants are cautioned that should they choose to renew their motion to dismiss for failure to exhaust administrative remedies such renewed motion must be focused on the core issue and the law and facts relevant thereto.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' July 17, 2013 request for judicial notice (ECF No. 284-2) is granted;

2. The findings and recommendations filed June 19, 2013 [ECF No. 282] are adopted in part;

3. Defendants' motion to dismiss for failure to exhaust [ECF No. 269] is denied without prejudice; and

4. The parties shall file any dispositive, pre-trial motions within twenty eight days of the date of this order.

DATED: September 11, 2013.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT