1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   EARNEST CASSELL WOODS, II,              No.  2:04-cv-01225 LKK AC P
12              Plaintiff,
13        v.                                 ORDER AND FINDINGS &
                                             RECOMMENDATIONS
14   TOM L. CAREY, et al.,
15              Defendants.
16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action filed

18   pursuant to 42 U.S.C. § 1983.  The defendants in this action are Warden Carey and

19   Administrative Appeals Coordinator Cervantes.  This action is proceeding on the amended

20   complaint filed on October 28, 2004.

21   I.    Factual Background

22        The amended complaint contains two claims arising from the failure to receive dental

23   treatment while an inmate at California State Prison- Solano: (1) an Eighth Amendment claim for

24   deliberate indifference to plaintiff's  serious dental needs; and (2) a due process claim based on

25   the improper screening of plaintiff's inmate grievances concerning the failure to receive dental

26   care.  Plaintiff proceeds on claims arising from an inmate grievance filed by plaintiff on

27   December 3, 2003 (the December Grievance), which sought repair of a tooth he had broken while

28   eating on December 2, 2003.  Another Eighth Amendment claim presented in this action, which

                                             1

1   was the subject of a 2009 jury trial, arose from plaintiff's grievance submitted on November 17,

2   2013 concerning the failure to repair a broken partial denture (the November Grievance).

3   II.    Procedural History

4          This matter is once again before the court on the motion for summary judgment of

5   defendants Carey and Cervantes based on plaintiff's failure to exhaust administrative remedies.

6   This is the third motion regarding administrative exhaustion that defendants have filed in this

7   case.[1]  In order to resolve the present motion, it is necessary to understand the long and

8   complicated procedural history of this case.

9          Defendants' first motion based on plaintiff's failure to exhaust was originally filed on

10  December 13, 2006.  ECF No. 118.  The magistrate judge previously assigned to this case issued

11  Findings and Recommendations on August 3, 2007 that the motion to dismiss should be granted

12  with respect to the December Grievance concerning plaintiff's broken tooth, but denied as to the

13  November Grievance concerning defendants' failure to repair his partial denture.  ECF No. 131 at

14  7.  These Findings and Recommendations were adopted by the District Judge on February 15,

15  2008, but plaintiff filed an interlocutory appeal on March 17, 2008.  ECF Nos. 162, 167.

16         While that appeal was pending in the Ninth Circuit Court of Appeals, plaintiff's remaining

17  Eighth Amendment claim against defendant Cervantes related to his broken partial denture

18  proceeded to trial.[2]  On February 12, 2009, the jury returned a verdict in favor of plaintiff

19  awarding him $500 in compensatory damages and $1000 in punitive damages.  ECF Nos. 230,

20  232.  Plaintiff appealed various trial rulings and defendant Cervantes cross-appealed as to the

21  judgment.  ECF No. 236, 245.

22         On July 9, 2012, the Ninth Circuit Court of Appeals reversed the grant of summary

23  judgment to defendant Carey in his individual capacity as well as the grant of defendant

24  _____

25  [1] Unlike the two prior motions, the current motion was filed as a motion for summary judgment
    pursuant to Rule 56 of the Federal Rules of Civil Procedure in light of the Ninth Circuit's recent

26  opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).

27  [2] The court dismissed plaintiff's Eighth Amendment claim seeking injunctive relief against
    defendant Carey in his official capacity on December 16, 2008 finding that it was mooted by

28  plaintiff's transfer to a different prison.  See ECF No. 206 (Findings and Recommendations); 211
    (Order adopting Findings and Recommendations).

1    Cervantes's motion to dismiss the Eighth Amendment claim for plaintiff's failure to exhaust the

2    December Grievance.  Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).  The Court of Appeals

3    concluded that plaintiff had not been afforded contemporaneous notice of the requirements for

4    opposing these dispositive motions.  Id.  The case was remanded with directions that "plaintiff be

5    provided with proper notice if and when the defendants re-file either or both of the relevant

6    motions."  Id. at 941.  Defendant Cervantes's cross-appeal of the jury verdict against him and

7    plaintiff's appeal from various other trial rulings were all affirmed in a separate unpublished

8    memorandum decision.  Woods v. Carey, 488 Fed. Appx. 194 (9th Cir. 2012).

9        In light of these appeals, the remaining claims are: (1) an Eighth Amendment claim

10   against defendants Carey, in his individual capacity, and Cervantes based on plaintiff's December

11   3, 2003  inmate grievance  seeking repair of a tooth he broke while eating on December 2, 2003;

12   and (2) a due process claim based on the rejection of plaintiff's inmate appeal as untimely.

13       Following remand, defendants filed their second motion to dismiss based on the failure to

14   exhaust administrative remedies.  ECF No. 269.  On June 19, 2013, the undersigned issued

15   Findings and Recommendations that the motion be denied because "[i]t is not clear from

16   defendants' evidence whether plaintiff did, in fact, fail to file any subsequent requests for

17   treatment or appeals of the December Grievance after February 20, 2004."  ECF No. 282 at 6.

18   The undersigned found that defendants had not met their burden of establishing plaintiff's failure

19   to exhaust in light of evidence in the record "support[ing] an inference that the December

20   Grievance, was routed on or around January 8, 2004, for whatever reason, to the Medical Appeals

21   Analyst, who did not return the December Grievance to plaintiff until February 19, 2004."  ECF

22   No. 282 at 10.  Because the undersigned found that the defendant had failed to carry their burden,

23   it was not necessary to resolve the "confusion regarding the various complaints and dates" for

24   purposes of determining whether defendants had affirmatively prevented plaintiff from

25   exhausting his administrative remedies.  ECF No. 282 at 10, n. 5.

26       In rejecting these Findings and Recommendations, the District Judge noted that "the

27   burden has shifted to plaintiff to show that administrative remedies were 'effectively unavailable'

28   for the Eighth Amendment claim arising from the alleged delay in treatment for plaintiff's broken

1  tooth, which was the subject of plaintiff's December 3, 2003 grievance, and the magistrate judge

2  should consider the facts through that lens should defendants renew their 12(b) motion." ECF

3  No. 288 at 5.  By order of September 12, 2013, the motion to dismiss was denied, but defendants

4  were permitted to renew their contention that plaintiff failed to exhaust his administrative

5  remedies for either his Eighth Amendment or his due process claim arising from the broken tooth

6  and the December 3, 2003 grievance by which he sought dental treatment." Id.

7  III.    Defendants' Summary Judgment Motion

8         In their current motion, defendants Cervantes and Carey argue that plaintiff failed to

9  exhaust his available administrative remedies for both the Eighth Amendment and Due Process

10  claims.  ECF No. 293-2 at 8.[3]  "It is clear from records searches of appeals submitted at CSP-

11  Solano and those maintained in the Inmate Appeals Branch, plaintiff did not appeal any

12  grievances regarding his November or December grievances to the third formal level [of review]

13  with the director."  ECF No. 293-2 at 21.  Defendants further contend that plaintiff did not even

14  attempt, much less was prevented from, appealing the rejection of his December grievance to the

15  second and subsequent formal levels of review.  Id. at 22.

16         In the alternative, defendant Cervantes asserts that he is entitled to summary judgment

17  because a serious medical need is not evident from the face of the December grievance and

18  because he did not intentionally deny or delay plaintiff's dental treatment since dental staff was

19  already alerted to the problem based on their informal level of review of plaintiff's grievances.

20  ECF No. 293-2 at 30-33, 35-38.  Defendant Carey contends that he should be awarded summary

21  judgment because he did not personally participate, supervise or direct any subordinate to engage

22  in any wrongful conduct related to plaintiff's' dental treatment.  ECF No. 293-2 at 36-38.

23  Plaintiff has simply not provided "any evidence upon which a trier of fact could conclude that

24  Carey acted with deliberate indifference."  Id. at 38.

25  _____

26  [3] Pursuant to the remand order of the Ninth Circuit Court of Appeals, defendants provided
plaintiff with contemporaneous notice of the requirements for opposing a motion pursuant to Rule

27  56 of the Federal Rules of Civil Procedure.  See ECF No. 293-1; see also Woods v. Carey, 684
F.3d 934 (9th Cir. 2012).

28

4

1  As to the due process claim, defendants contend that they are entitled to summary

2  judgment as a matter of law because there is no constitutional right to a prison grievance

3  procedure.

4  IV.  Plaintiff's Opposition

5  At the outset the court notes that plaintiff has not filed a document disputing defendants'

6  statement of undisputed facts, nor has he filed a separate statement of disputed facts.  ECF No.

7  295.  In this respect, plaintiff has failed to comply with Rule 56(c)(1)(A) of the Federal Rules of

8  Civil Procedure which requires that "a party asserting that a fact ... is genuinely disputed must

9  support the assertion by ... citing to particular parts of materials in the record, including

10  depositions, documents, electronically stored information, affidavits or declarations, stipulations,

11  ... admissions, interrogatory answers, or other materials ...."  He has also not followed Local Rule

12  260(b), which requires that any party in its opposition to a motion for summary judgment:

13
14  shall reproduce the itemized facts in the Statement of Undisputed
   Facts and admit those facts that are undisputed and deny those that
   are disputed, including with each denial a citation to the particular
15  portions of any pleading, affidavit, deposition, interrogatory
   answer, admission, or other document relied upon in support of that
16  denial.

17  Local Rule 260(b) also states, in relevant part, that: [t]he opposing party may also file a concise

18  'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts

19  as to which there is a genuine issue precluding summary judgment or adjudication.  The opposing

20  party shall be responsible for the filing of all evidentiary documents cited in the opposing papers.

21  See L.R. 133(j).

22  It is well-established that the pleadings of pro se litigants are held to "less stringent

23  standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972)

24  (per curiam).  Nevertheless, "[p]ro se litigants must follow the same rules of procedure that

25  govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on another

26  ground by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).  While non-

27  prisoner pro se litigants should not be treated more favorably than parties represented by

28  attorneys, unrepresented prisoners' choice to proceed without counsel "is less than voluntary" and

5

1   they are subject to the "handicaps ... detention necessarily imposes upon a litigant" .... such as

2   "limited access to legal materials" as well as "sources of proof."  Jacobsen v. Filler, 790 F.2d

3   1362, 1364–65 & n. 4 (9th Cir. 1986)).  Inmate litigants, therefore, should not be held to a

4   standard of "strict literalness" with respect to the requirements of the summary judgment rule.  Id.

5   The court is mindful of the Ninth Circuit's more overarching caution in this context, as noted

6   above, that district courts are to "construe liberally motion papers and pleadings filed by pro se

7   inmates and ... avoid applying summary judgment rules strictly."  Thomas v. Ponder, 611 F.3d at

8   1150.  Accordingly, the court considers the record before it in its entirety despite plaintiff's failure

9   to be in strict compliance with the applicable rules.  However, only those assertions in the

10   opposition which have evidentiary support will be considered.

11       In a sworn declaration, plaintiff states that "I tried everything that I could do to exhaust

12   my administrative remedies, I wrote request for interviews to the appeals coordinator and I even

13   wrote a letter to the warden complaining about the appeals problems."  ECF No. 295 at 2.  He

14   also states that defendant Cervantes has rejected appeals without CDC Form 695's.  Id.  As

15   evidence of the effective unavailability of administrative remedies plaintiff attaches 29 CDC 695

16   screen out forms; three memoranda regarding "staff not complying with the CDCR appeal time

17   restraints and informal and formal appeal practices…[,] and a copy of a letter asking the appeals

18   coordinator to hear and process appeals."  Id. at 11.

19       With respect to his December Grievance, plaintiff asserts that defendant Cervantes mailed

20   it back to him instructing him to forward the 602 appeal to the medical appeals analyst.  Id. at 13.

21   Plaintiff complied and the medical appeals analyst directed it back to him, after which he sent it

22   back to defendant Cervantes.  ECF No. 295 at 13.  In this manner plaintiff attempted to exhaust

23   his administrative remedies on three separate occasions, but he was prevented from doing so

24   based on the mistaken information provided to him.  Id. at 15-16.  Plaintiff further asserts that the

25   51 day delay between the signature date on the first formal level appeal and defendant Cervantes'

26   receipt of it is due to the deficient mail policy at CSP-Solano.  Id. at 14.

27       As to the merits of his claims, plaintiff further asserts, without any supporting evidence,

28   that defendant Carey implemented the dental and administrative appeals policies in question here.

1   ECF No. 295 at 3.  Plaintiff generally alleges that the delay in treating his broken tooth led to

2   further harm in the form of stomach problems which were exacerbated by not being able to eat

3   correctly based on his broken dental partial.  Id. at 9-10.

4   V.       Defendants' Reply and Objections to Plaintiff's Evidence[4]

5            In their reply, defendants point out that plaintiff's opposition generally consists of "claims

6   not alleged in the Amended Complaint and. . . allegations against non-party individuals in

7   unrelated incidents occurring as late as 2006."  ECF No. 299 at 1.  Defendants assert that plaintiff

8   has not supported his allegations that his appeals were improperly screened out to prevent

9   exhaustion and that he "does not and cannot dispute that the separate CDC-695 screening form

10   refers to routing procedures for the informal level appeal rather than the formal level."  ECF No.

11   299 at 2.  In addition, defendant Carey points out that plaintiff has not provided any evidence of

12   his personal involvement in the alleged violations or evidence of any causal connection between

13   Carey's conduct and the constitutional deprivations.  ECF No. 299 at 3-4.  According to

14   defendant Cervantes, plaintiff conceded that "he did not experience pain relating to the December

15   2003 dental issue and therefore fails to prove a serious medical need."  Id. at 4 (citing ECF No.

16   295 at 7).

17            Defendants further object to plaintiff's request for judicial notice of his exhibits, with the

18   exception of excerpts from the 2009 trial transcripts, on grounds that plaintiff's exhibits are

19   hearsay, irrelevant, not properly authenticated, and not in a sworn or certified format.  ECF No.

20   299-1.  At the summary judgment stage, the court focuses not on the admissibility of evidence's

21   form but on the admissibility of its contents.  Block v. City of Los Angeles, 253 F.3d 410, 418–19

22   (9th Cir. 2001).  The substance of plaintiff's exhibits all post-date the timeframe involved in the

23   screen out of his December Grievance.  In fact, the majority of his exhibits date from 2006.  To

24   the extent that the memoranda pertaining to the processing time for informal level grievance

25   responses date from the relevant time period of 2003 and 2004, there is no explanation provided

26   by plaintiff as to why the contents of these documents are relevant.  ECF No. 295 at 27-29.

27   _____

28   [4] Defendants' motion for an extension of time to file the reply brief one day late is granted based
     on the declaration in support thereof filed by counsel.  ECF No. 299-2.

1  Accordingly, the exhibits would not be admissible at trial and are therefore not properly

2  considered on summary judgment.  Defendants' objections are therefore sustained.

3  VI.    Legal Standards for Exhaustion

4       Section 1997(e) (a) of Title 42 of the United States Code provides that "[n]o action shall

5  be brought with respect to prison conditions under section 1983 of this title, ... until such

6  administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a) (also known as

7  the Prison Litigation Reform Act ("PLRA")).  The PLRA requires that administrative remedies be

8  exhausted prior to filing suit.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

9       Failure to exhaust is "an affirmative defense the defendant must plead and prove." Jones

10  v. Bock, 549 U.S. 199, 204, 216 (2007).  To bear this burden:

11       "a defendant must demonstrate that pertinent relief remained
          available, whether at unexhausted levels of the grievance process or
12       through awaiting the results of the relief already granted as a result
          of that process.  Relevant evidence in so demonstrating would
13       include statutes, regulations, and other official directives that
          explain the scope of the administrative review process;
14       documentary or testimonial evidence from prison officials who
          administer the review process; and information provided to the
15       prisoner concerning the operation of the grievance procedure in this
          case.... With regard to the latter category of evidence, information
16       provided [to] the prisoner is pertinent because it informs our
          determination of whether relief was, as a practical matter,
17       'available.'"

18  Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005) (citations omitted).

19       Exhaustion requires that the prisoner complete the administrative review process in

20  accordance with all applicable procedural rules.  Woodford v. Ngo, 548 U.S. 81 (2006).

21  California state regulations provide administrative procedures in the form of one informal and

22  three formal levels of review within the California Department of Corrections and Rehabilitation

23  (the "CDCR") to address plaintiff's claims.  See Cal. Code Regs. tit. 15, §§ 3084.1–3084.7.

24  Administrative procedures generally are exhausted once a plaintiff has received a "Director's

25  Level Decision," or third level review, with respect to his issues or claims.  Cal. Code Regs. tit.

26  15, § 3084.5.

27       When the district court concludes that the prisoner has not exhausted administrative

28  remedies on a claim, "the proper remedy is dismissal of the claim without prejudice."  Id. at 1120;

8

1  see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) ("mixed" complaints may proceed

2  on exhausted claims).  Thus, "if a complaint contains both good and bad claims, the court

3  proceeds with the good and leaves the bad."  Jones, 549 U.S. at 221.

4  VII.   Legal Standards for Summary Judgment

5         Summary judgment is appropriate when the moving party "shows that there is no genuine

6  dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

7  Civ. P. 56(a).

8         Under summary judgment practice, the moving party "initially bears the burden of

9  proving the absence of a genuine issue of material fact."  In re Oracle Corp. Securities Litigation,

10  627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

11  The moving party may accomplish this by "citing to particular parts of materials in the record,

12  including depositions, documents, electronically stored information, affidavits or declarations,

13  stipulations (including those made for purposes of the motion only), admission, interrogatory

14  answers, or other materials" or by showing that such materials "do not establish the absence or

15  presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to

16  support the fact."  Fed. R. Civ. P. 56(c)(1)(A), (B).  When the non-moving party bears the burden

17  of proof at trial, "the moving party need only prove that there is an absence of evidence to support

18  the nonmoving party's case."  Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see

19  also Fed. R. Civ. P. 56(c)(1)(B).  Indeed, summary judgment should be entered, after adequate

20  time for discovery and upon motion, against a party who fails to make a showing sufficient to

21  establish the existence of an element essential to that party's case, and on which that party will

22  bear the burden of proof at trial.  See Celotex, 477 U.S. at 322.  "[A] complete failure of proof

23  concerning an essential element of the nonmoving party's case necessarily renders all other facts

24  immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

25  whatever is before the district court demonstrates that the standard for entry of summary

26  judgment, . . ., is satisfied."  Id. at 323.

27         If the moving party meets its initial responsibility, the burden then shifts to the opposing

28  party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita

9

1   Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the

2   existence of this factual dispute, the opposing party may not rely upon the allegations or denials

3   of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or

4   admissible discovery material, in support of its contention that the dispute exists.  See Fed. R.

5   Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the

6   fact in contention is material, i.e., a fact that might affect the outcome of the suit under the

7   governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,

8   Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is

9   genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving

10  party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

11          In the endeavor to establish the existence of a factual dispute, the opposing party need not

12  establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

13  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

14  trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce

15  the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"

16  Matsushita, 475 U.S. at 587 (citations omitted).

17          "In evaluating the evidence to determine whether there is a genuine issue of fact," the

18  court draws "all reasonable inferences supported by the evidence in favor of the non-moving

19  party."  Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011).  It is

20  the opposing party's obligation to produce a factual predicate from which the inference may be

21  drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),

22  aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing

23  party "must do more than simply show that there is some metaphysical doubt as to the material

24  facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the

25  nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation

26  omitted).

27  VIII.   Undisputed Material Facts Pertaining to Exhaustion

28          In light of the renewed nature of the defendants' argument on the exhaustion of plaintiff's

Eighth Amendment claim, the court will rely on its earlier Findings and Recommendations to the extent they are once again supported by record evidence.

On December 3, 2003, plaintiff filed a 602 asking to be seen immediately at dental, and requesting repair of his broken tooth (the "December Grievance"). ECF No. 293-8 at 7. Plaintiff wrote that on December 2, 2003, he broke his tooth while eating. Id. The December Grievance was received on December 10, and returned to plaintiff on December 31, 2003 by staff member Stanfield. Id. The informal response reads that "[w]e have no record that you have formally requested dental care by submitting a 7362. Please do so, and your name will be entered on the dental treatment list. . . ." Id.

Plaintiff sought review of the informal staff response at the formal level. ECF No. 293-8. His explanation, signed on January 8, 2004, reads that he is dissatisfied because "my tooth is broken based on dental not calling me in over a year. I have filed numerous requests. . . ." Id. The 602 is not stamped as received by the CSP/Solano Appeals Office until February 20, 2004. Id.; see also ECF No. 293-4 at 5 (Cervantes affidavit). Defendant Cervantes screened out the December Grievance as untimely because, although the request for formal review is dated January 8, 2004, it was not received by the appeals office until February 20, 51 days after completion of the informal level review. ECF Nos. 293-8 at 11 (screen out form); 293-10 at 7 (complaint); ECF No. 293-4 at 5 (Cervantes affidavit). In the comment section plaintiff is further directed to start a new 602 if he is still being denied dental care. ECF No. 293-8 at 11. The screening form also reads: "Note: This screening action may not be appealed unless you allege that the above reason is inaccurate. In such case, please return this form to the Appeals Coordinator with the necessary information." Id.

The record currently includes at least two other screening forms which do not, on their face, refer to any particular 602 submitted by the plaintiff. The first is dated December 4, 2003, and is signed by defendant Cervantes (the "December Screening"). ECF Nos. 293-8 at 5 (screen out); 293-4 at 4 (Cervantes affidavit noting that the corresponding 602 is not attached to plaintiff's complaint). The issue of the appeal is identified as Dental. ECF No. 293-8 at 5. This December Screening rejects an appeal on the grounds that plaintiff had not attempted to resolve

1   the problem at the informal level with the Medical Appeals Analyst.  Id.  In the comment section

2   the plaintiff is instructed to "[f]orward 602 directly to Medical Appeals Analyst for informal level

3   review by dental staff."  Id.

4        The second screening form is dated February 19, 2004, and is signed on behalf of Ms. M.

5   Holiday, Medical Appeals Analyst (the "February Screening").  ECF No. 293-8 at 9.  The form

6   reads that a 602 appeal has been received in the Medical Services Appeal Office; however, it

7   cannot be processed because:

8        Informal Response already completed.  First Level Appeal Requests
         must be processed through the Inmate Appeals Office (not Medical
9        Appeal Office) initially for assignment of a log number. After the
         Inmate Appeals Office assigns a log number, they will then forward
10       your appeal back to our office for processing.

11   Id.

12        Since the parties spend the majority of their briefs addressing these additional screen outs

13   at the first formal level of administrative review, there appears to be no dispute that plaintiff did

14   not pursue his administrative remedies at the second or subsequent levels of review.  See ECF

15   No. 293-11 at 3 (Affidavit of N. Grannis).  Therefore, the only legal question to be resolved with

16   respect to plaintiff's Eighth Amendment claim is whether his administrative remedies were

17   effectively unavailable at the first formal level and beyond due to improper screen outs and/or

18   misinformation provided to plaintiff.  See Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010).

19        With respect to plaintiff's due process claim, it is undisputed that the procedure for

20   submitting a grievance regarding the improper screening of an inmate's appeal is the same as the

21   administrative procedure for submitting a grievance about a dental issue.  ECF No. 293-4 at ¶ 33.

22   In order to properly exhaust the due process claim, plaintiff was therefore required to submit a

23   CDC 602 form for informal review as well as to complete all three levels of formal review.  Id. at

24   ¶ 34.  Plaintiff did not submit a 602 appeal regarding the improper screening of his dental care

25   grievances at any of the formal levels of review including the third level of director's review.

26   ECF No. 293-5 at ¶ 8; ECF No. 293-11 at ¶ 6.

27   IX.     Plaintiff's Version of the Evidence of Exhaustion

28        Plaintiff's version of the extra screening forms appears to be that he submitted the

12

1   December Grievance to Cervantes, who instructed him in the December Screening to route the

2   602 to the Medical Appeals Analyst.  See ECF No. 293-10 at ¶¶ 12-15 (Complaint); ECF No. 295

3   at 13.  After plaintiff received the 602 back from the Medical Appeals Analyst (the February

4   Screening), he refiled it with Cervantes, who rejected the appeal as untimely.  ECF No. 293-10 at

5   ¶ 15; ECF No. 295 at 13.  On this basis, plaintiff alleges that he routed his grievances as directed,

6   and in a timely manner.  See also ECF No. 295 at 15-16.

7          With respect to the due process claim, plaintiff relies upon a letter he sent to defendant

8   Carey that was received on March 5, 2003.  See ECF No. 293-6 at 5-6.  The letter generally

9   complains that "Mr. S. Cervantes, the Appeals Coordinator has been doing everything in his

10  power to violate[] my 'Due Process' rights."  Id. at 5.  It specifically complains about the

11  handling of appeal log number SOL 02-02007, which concerned plaintiff's classification.  Id. at

12  5-6, 8.  While the letter refers to "appeals" that plaintiff filed against defendant Cervantes for his

13  mishandling of other grievances, the actual attachments to the letter indicate that plaintiff

14  submitted multiple inmate requests for an interview with defendant Cervantes to address his

15  reliance on untimely appeals when screening plaintiff's grievances.  Compare ECF No. 293-6 at 5

16  with ECF No. 293-6 at 10.

17  X.     Defendants' Version of the Evidence of Exhaustion

18         It is worth noting that during the life span of this case, the defendants' explanation for the

19  additional screen outs dated December 4, 2003 and February 19, 2004 has changed.  The current

20  position reflected in defendant Cervantes's affidavit is that the December 4, 2003 screen out for

21  failing to resolve the problem at the informal level of review does not pertain to either the

22  November or the December grievances filed by plaintiff based on its date as well and because "it

23  would be impossible for an appeal to be submitted by the inmate and screened by an Appeals

24  Coordinator on the same day."  ECF No. 293-4 at 4.

25         Defendants further assert that after receiving the response from the first informal level of

26  review on December 31, 2003, plaintiff then submitted his December grievance to the first formal

27  level of review by directing it to the Medical Appeals Analyst on January 8, 2004.  In support of

28  this proposition, defendants cite to plaintiff's amended complaint.  See ECF No. 293-10 at 7.

1    However, the amended complaint does not clarify what grievance form was submitted to the

2    Medical Appeals Analyst that was ultimately screened out on February 19, 2004.  Compare ECF

3    No. 293-10 at 7 (complaint) with ECF No. 293-8 (December 4, 2003 screen out instructing

4    plaintiff to forward the 602 directly to the medical appeals analyst).  It was only after receiving

5    the screen out from the Medical Appeals Analyst that plaintiff then directed the December

6    grievance to the CSP-Solano Appeals Office which received it on February 20, 2004.  ECF No.

7    293-8 at 7 (containing file stamp date of February 20, 2004 and hand-written notation at the

8    bottom dated the same date indicating that the grievance was screened out as untimely); ECF No.

9    293-8 at 11 (screen out form dated February 20, 2004).  Interestingly, this explanation comports

10   with plaintiff's version of his general attempts to exhaust his administrative remedies, albeit with

11   one exception related to whether the December screening was in response to the December

12   grievance.

13   XI.    Analysis of Exhaustion Issue

14          The court must determine whether plaintiff exhausted his administrative remedies

15   regarding his claims prior to the date he filed the complaint, and if not, whether plaintiff may be

16   excused from the pre-filing exhaustion requirement.  See Sapp, 623 F.3d at 823–24.  In order to

17   defeat defendants' motion, plaintiff must demonstrate that there are truly genuine and material

18   disputes over whether he actually exhausted available remedies or as to whether he should be

19   excused from the exhaustion requirement.

20          First, the court addresses the exhaustion issue as it relates to plaintiff's Eighth

21   Amendment claim pertaining to the failure to treat his chipped tooth.  Defendant's undisputed

22   evidence establishes that plaintiff did not exhaust his administrative remedies at the second and

23   third levels of administrative review.  Therefore, plaintiff failed to comply with the applicable

24   CDCR rules and procedures in order to properly exhaust this claim.  See Woodford v. Ngo, 548

25   U.S. 81 (2006).  Accordingly, defendants have established that there is no genuine issue of

26   material fact concerning plaintiff's failure to exhaust his second and third levels of administrative

27   review.

28          Since defendants have met their initial responsibility of establishing non-exhaustion, the

1   burden shifts to plaintiff to come forward with evidence showing that something in his particular

2   case made the existing administrative remedies effectively unavailable to him.  See Albino, 747

3   F.3d at 1172.  In order to meet this burden, plaintiff challenges the basis for screening out his

4   December appeal.  The propriety of the screen out matters because, if prison officials improperly

5   screened out his appeal, he could not properly complete the grievance process and administrative

6   remedies would be effectively unavailable.  See Sapp, 623 F.3d at 822–23).  To satisfy this

7   exception to exhaustion, the prisoner must show: "(1) that he actually filed a grievance or

8   grievances that, if pursued through all levels of administrative appeals, would have sufficed to

9   exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his

10  grievance or grievances for reasons inconsistent with or unsupported by applicable regulations."

11  Id. at 823–24.

12          Here plaintiff has met his burden to show that administrative remedies were effectively

13  unavailable.  The parties do not dispute that plaintiff's December Grievance, if pursued through

14  all levels of administrative appeals, would have been sufficient to properly exhaust his Eighth

15  Amendment claim.  Therefore, the only remaining question is whether plaintiff has demonstrated

16  that prison officials improperly screened out the grievance.  See Sapp, 623 F.3d at 822-23.  A

17  reasonable trier of fact could find that defendant Cervantes improperly screened out plaintiff's

18  appeal as untimely in light of plaintiff's averment that he followed the instructions given to him

19  in the December and February screen outs of his dental grievance.  Indeed, it is the law of the

20  case that Cervantes' screen out of the closely-related November Grievance was improper for

21  similar reasons.  ECF No. 131 at 4-5, 7; ECF No. 162.  With this procedural backdrop in mind

22  and in light of the evidence presented, there is a genuine issue of material fact as to whether

23  administrative remedies were effectively unavailable so as to properly exhaust plaintiff's appeal

24  concerning his broken tooth.  Accordingly, the undersigned recommends denying defendants'

25  motion for summary judgment on grounds of non-exhaustion as to plaintiff's remaining Eighth

26  Amendment claim.

27          Turning next to plaintiff's due process claim, there is no genuine issue of material fact in

28  dispute concerning plaintiff's exhaustion of his administrative remedies.  Nowhere is there any

1   evidence that plaintiff attempted to pursue, much less properly exhaust, his administrative

2   remedies with respect to the improper screening of his dental complaints.  The letter to defendant

3   Carey simply does not constitute proper exhaustion of this claim because it bypassed the agency's

4   procedural rules governing the submission and processing of grievances.  See Woodford, 548

5   U.S. at 90 (stating that exhaustion under the PLA requires "compliance with an agency's

6   deadlines and other critical procedural rules").  Bearing in mind that defendants have the ultimate

7   burden of proof on the defense and viewing the evidence in the light most favorable to plaintiff,

8   the undersigned concludes that defendants are entitled to judgment as a matter of law on the

9   affirmative defense that plaintiff failed to exhaust administrative remedies on his due process

10   claim.  Therefore, the undersigned recommends that it be dismissed without prejudice.

11   XII.    Summary Judgment on the Merits

12          A.    Legal Standards Governing Eighth Amendment Claim

13          Deliberate indifference to serious medical needs violates the Eighth Amendment's

14   proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104

15   (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds,

16   WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc); Jones v.

17   Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference"

18   involves an examination of two elements: the seriousness of the prisoner's medical need and the

19   nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.  A "serious"

20   medical need exists if the failure to treat a prisoner's condition could result in further significant

21   injury or the "unnecessary and wanton infliction of pain."  Id. (citing Estelle v. Gamble, 429 U.S.

22   at 104).  Serious medical needs may include dental care needs.  See Hunt v. Dental Dep't., 865

23   F.2d 198, 200 (9th Cir. 1989).  A prison official is deliberately indifferent if he or she knows that

24   a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take

25   reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

26          B.    Undisputed Materials Facts Concerning Eighth Amendment Claim

27          With respect to the Eighth Amendment claim, the undisputed evidence establishes that

28   plaintiff submitted a grievance for the failure to treat his chipped tooth on December 3, 2003 and

16

1    received dental treatment on September 22, 2004.  See ECF Nos. 293-7 (Affidavit of S. Kurk,

2    D.D.S); 293-10 at 20 (grievance form).  Plaintiff did not report any pain as a result of the chipped

3    tooth on the grievance form.  ECF No. 293-10 at 20.  He did indicate that he "did not know at the

4    time that the tooth was broken until [he] brushed."  Id.

5        Defendant Cervantes was the Appeals Coordinator assigned to review plaintiff's

6    December grievance related to his chipped tooth.  ECF No. 293-4 at 5.  This grievance was

7    rejected by defendant Cervantes due to untimely filing.  Id.  As an appeals coordinator, Cervantes

8    was trained to advise the appropriate medical staff if he believed an inmate has a serious medical

9    need.  Id. at 6.

10       Defendant Carey did not have any conversations with plaintiff regarding his dental care

11   nor did he become aware of plaintiff's dental needs while employed as the Warden of CSP-

12   Solano.  ECF No. 293-6 at 2.  Defendant Carey did not review any of plaintiff's grievances

13   regarding dental issues.  Id.  At no time did defendant Carey ever participate in reviewing

14   plaintiff's December Grievance related to his chipped tooth or direct any subordinate to engage in

15   wrongful conduct in regards to plaintiff's dental care.  Id. at 2-3.  Nor did defendant Carey

16   become aware of any wrongful conduct by a subordinate regarding plaintiff's dental treatment.

17   Id.

18       1.    Plaintiff's Evidence on the Merits

19       Plaintiff's testimony at the prior trial indicated that he endured pain and suffering as a

20   result of the failure to receive timely and adequate dental treatment at CSP-Solano.  See ECF No.

21   295 at 78.

22       Defendant Cervantes testified under oath at the same trial that he knew when he screened

23   out plaintiff's November grievance that it would inhibit plaintiff's ability to receive dental care

24   "to a certain degree."  ECF No. 295 at 79.  At no time did defendant Cervantes contact the dental

25   department at the prison to determine whether plaintiff's complaints required further attention or

26   treatment.  ECF No. 295 at 80.

27       2.    Defendants' Evidence on the Merits

28       According to Dr. Kurk, plaintiff's chipped tooth was not serious enough to cause pain and

17

1    was therefore properly treated on a routine basis with a routine filling.  ECF No. 293-7 at 3.  Nor

2    did plaintiff complain of any pain, swelling or an inability to eat during his dental visit on

3    September 22, 2014 as demonstrated by the dental progress notes from that visit.  Compare ECF

4    Nos. 293-7 at 3 and 293-8 at 13 with ECF No. 303 at 12 (dental progress note from July 31, 2002

5    noting "pain in my bridgework").

6            Defendant Cervantes did not believe that plaintiff had a serious medical need when he was

7    reviewing plaintiff's December 3, 2003 grievance because it did not state that he was

8    experiencing any pain.  ECF No. 293-4 at 6.

9            C.      Peralta Decision

10           Defendant Cervantes contends that he should be granted summary judgment in light of the

11   Ninth Circuit Court of Appeal's recent decision in Peralta v. Dillard, 744 F.3d 1076 (9th Cir.

12   2014).  The evidence regarding Cervantes's screening of plaintiff's December Grievance does not

13   support his position.  ECF No. 313.  In Peralta, the Ninth Circuit held that the defendant, an

14   appeals coordinator, could not have been deliberately indifferent to plaintiff's dental needs based

15   solely on his decision to sign an appeal that he knew had already been reviewed by at least two

16   qualified dentists.  While defendant Cervantes is an appeals coordinator like the defendant in

17   Peralta, his screening of plaintiff's appeal was not predicated upon any prior dental assessment or

18   treatment provided by medical professionals.  In fact, the undisputed evidence establishes that the

19   informal response to plaintiff's December appeal merely indicated that "[w]e have no record that

20   you have formally requested dental care by submitting a 7302.  Please do so, and your name will

21   be entered on the dental treatment list.  If you have a dental emergency have a C.O. call the dental

22   clinic for an appointment."  See ECF No. 293-10 at 20 (plaintiff's complaint).  That hardly

23   constitutes a professional medical judgment upon which defendant Cervantes could defer in order

24   to escape liability under Peralta.  Accordingly, there remains a genuine issue of material fact

25   concerning defendant Cervantes's deliberate indifference to plaintiff's serious dental needs

26   concerning his broken tooth.  For this reason, the undersigned recommends denying defendant

27   Cervantes's motion for summary judgment to the extent it is based on Peralta.

28   ////

1        D.       Analysis

2                 1.        Objective Component:  Seriousness of Medical Need

3        The evidence is in dispute as to whether plaintiff's chipped tooth resulted in ongoing pain

4        that would constitute a serious medical need.  See McGuckin, 974 F.2d at 1059.  While Dr. Kurk

5        opined that plaintiff's chipped tooth was not serious enough to cause pain, plaintiff himself

6        testified in 2009 that his dental problems caused him pain.  Since credibility determinations are

7        inappropriate at the summary judgment stage, there is a genuine issue of material dispute

8        concerning whether plaintiff's chipped tooth constitutes a serious medical need.  Thus, defendants

9        have failed to meet their burden on the objective prong of plaintiff's Eighth Amendment

10       violation.

11                2.        Subjective Component:  Deliberate Indifference

12                          a.        Defendant Cervantes

13       Since deliberate indifference may be manifested by the intentional denial, delay or

14       interference with plaintiff's medical care, the undersigned finds the existence of a material factual

15       dispute concerning defendant Cervantes' state of mind.  See Estelle, 429 U.S. at 104-105;

16       McGuckin, 974 F.2d at 1059.  Here, defendant Cervantes's testimony in 2009 establishes his

17       subjective awareness that screening out plaintiff's grievance would inhibit plaintiff's ability to

18       receive dental care.  Moreover, plaintiff's chipped tooth happened on the heels of the failure to

19       treat plaintiff's broken partial denture for which a jury has already found defendant Cervantes

20       deliberately indifferent to plaintiff's serious medical needs.  In this procedural context, it simply

21       cannot be said that no rational trier of fact could find for plaintiff.  Accordingly, the undersigned

22       recommends denying defendant Cervantes's motion for summary judgment on the Eighth

23       Amendment claim.

24                          b.        Defendant Carey

25       Defendant Carey has met his burden of demonstrating the absence of a genuine issue of

26       material fact related to his involvement in the alleged Eighth Amendment violation.  Defendant

27       Carey is being sued in his individual capacity.  The undisputed record evidence establishes that

28       Carey did not commit any affirmative act, participate in another's affirmative act, or fail to

19

1    perform an act he was legally required to perform, that caused the alleged constitutional

2    deprivation.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff's vague and

3    conclusory allegations that defendant Carey was responsible for the dental policies at CSP-Solano

4    are not sufficient to create a triable issue of material fact.  Additionally, the undersigned finds that

5    no rational trier of fact could find that defendant Carey had a sufficiently culpable state of mind.

6    Plaintiff's complete failure of proof concerning the subjective element of his claim renders all

7    other facts, as well as any disputes concerning those facts, immaterial.  For this reason, the

8    undersigned recommends granting defendant Carey's motion for summary judgment on the

9    Eighth Amendment claim.

10   XIII.   Ancillary Motions

11           A.      Plaintiff's Request for Judicial Notice

12           Plaintiff requests that the court take judicial notice of fourteen separate documents,

13   including CDCR documents, a newspaper article regarding mail tampering, a copy of plaintiff's

14   2007 panendoscopy, and selection portions of the trial transcripts in the companion Eighth

15   Amendment claim in the instant case.  ECF No. 298.  By separate motion, plaintiff also requests

16   that the court take judicial notice of a first level appeal response involving a different inmate at

17   CSP-Solano and a declaration from yet another inmate concerning the processing of his inmate

18   appeals at an unknown prison.  ECF No. 302.

19           The only undisputed portion of plaintiff's request concerns the trial transcripts from the

20   companion Eighth Amendment claim in the present case.  Plaintiff fails to establish that the

21   remainder of the requested items are undisputed, as required under Federal Rule of Evidence 201.

22   Moreover, as the court has explained in discussion of defendants' objections to plaintiff's

23   evidence, plaintiff fails to establish the relevance of any of these records to the administrative

24   exhaustion issue.  The November 25, 2013 request (ECF No. 298) is accordingly granted as to the

25   trial transcripts only and denied as to the remaining items.  Plaintiff's additional request filed on

26   December 10, 2013 (ECF No. 302) is denied.

27           B.      Plaintiff's Request for an Expert Witness

28           Plaintiff seeks an expert witness "to explain why the dental partial broke, why other teeth

20

1   broke after the partial had broken… if plaintiff had a serious medical need to [sic] dental care,

2   and how his chronic gastritis was created by the broken dental partials and his inability to eat

3   properly." ECF No. 297 at 1.

4     Defendants oppose the appointment of an expert in this case, asserting that plaintiff has

5   not established the need for an expert because the cause of, or damages resulting from, plaintiff's

6   broken partial denture is no longer an issue in this case. ECF No. 301 at 1.

7     In response, plaintiff argues that "absent expert testimony, the court cannot determine

8   whether there is evidence that defendants' treatment of plaintiff fell so far below the standard of

9   care that a jury could find that defendants were subjectively aware of the risk of harm to

10  plaintiff." ECF No. 304 at 2.

11    A district court may appoint an expert, though the failure to do so is not an abuse of

12  discretion when the case does not involve complex scientific evidence or issues. See, e.g.,

13  Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).

14  Plaintiff's conclusory statements aside, plaintiff fails to establish that an expert is necessary in

15  this case. See also ECF No. 261 at 4 (Court of Appeals finds that there were no complex or

16  scientific issues present in the case, and an expert was not necessary to explain to the jury the

17  extent of plaintiff's pain and suffering). Plaintiff's request for an expert witness is accordingly

18  denied.

19    C.  Plaintiff's Motion to Enforce Judgment

20    On May 5, 2014, plaintiff filed a "motion to compel" the payment to him of the 2009 jury

21  verdict in the companion Eighth Amendment claim in the instant case. ECF No. 307. The

22  cursory one page motion merely indicates that plaintiff filed "request forms to the Attorney

23  General['s] Office several months ago without any type of reply." Id. at 1.

24    In their opposition, defendants appropriately construe plaintiff's motion as a motion to

25  enforce judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. ECF No. 308.

26  Defendants also note that a final judgment on fewer than all of the claims or parties can only be

27  entered if the court determines that there is no just reason for delay. Id. (citing Fed. R. Civ. P.

28  54(b)).

1    In his response, plaintiff alleges that after his claim for injunctive relief was dismissed, he

2    was transferred back to CSP-Solano where he was retaliated against which caused him to file a

3    separate civil rights complaint.  ECF No. 309.  It is unclear how this is responsive to defendants'

4    opposition or relevant to the Rule 54(b) inquiry.

5    Rule 54(b) provides that in actions involving multiple parties or more than one claim for

6    relief, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims

7    or parties only if the court expressly determines that there is no just reason for delay."  Fed. R.

8    Civ. P. 54(b).  "It is left to the sound judicial discretion of the district court to determine the

9    'appropriate time' when each final decision in a multiple claims action is ready for appeal."

10   Curtiss–Wright Corp. Corp. v. General Elec. Co., 446 U.S. 1, 8, (1980); Sears, Roebuck & Co. v.

11   Mackey, 351 U.S. 427, 437 (1956); Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005).

12   When determining whether there is a "just reason for delay" a court must "take into account

13   judicial administrative interests as well as the equities involved" and "may consider factors such

14   as 'whether the claims under review were separable from the other remaining to be adjudicated.''

15   Curtiss–Wright, 446 U.S. at 8.  The district court must preserve "the historic federal policy

16   against piecemeal appeals."  Id.; Sears, Roebuck, 351 U.S. at 438; Wood, 422 F.3d at 878–79.

17   To the extent it is not already clear from the lengthy procedural history of this case, the

18   claims in plaintiff's complaint have already proceeded in a piecemeal fashion both in this court

19   and on appeal.  A jury awarded plaintiff $1500.00 in damages for the Eighth Amendment

20   violation concerning plaintiff's broken partial denture.  Judgment was entered on that claim on

21   February 13, 2009 and the Ninth Circuit affirmed the judgment on July 9, 2012.  See ECF Nos.

22   232, 261.  The claim(s) remaining in the case, assuming the district court's adoption of these

23   Findings and Recommendations regarding the summary judgment motion, are not likely to be

24   tried promptly.  Accordingly, continued delay in satisfaction of the 2009 judgment does not serve

25   the interests of justice or of sound judicial administration.  The undersigned accordingly

26   recommends that plaintiff's motion to compel, construed as a motion to enforce the 2009

27   judgment, be granted.

28   ////

1      Accordingly, IT IS HEREBY ORDERED that:

2          1.  Plaintiff's request for judicial notice filed on November 25, 2013 (ECF No. 298) is

3   granted in part and denied in part as indicated herein;

4          2.  Plaintiff's request for judicial notice filed on December 10, 2013 (ECF No. 302) is

5   denied; and,

6          3.  Plaintiff's request for an expert witness (ECF No. 297) is denied.

7      IT IS FURTHER RECOMMENDED that:

8          1.  Plaintiff's motion to compel (ECF No. 307), construed as a motion to enforce the 2009

9   judgment, be granted;

10          2.  Within thirty days from the adoption of the instant Findings and Recommendations by

11   the District Judge, Defendant Cervantes is directed to satisfy the 2009 judgment and to file a

12   notice of compliance with the court;

13          3.  Defendants' summary judgment motion (ECF No.293) be granted in part and denied in

14   part as follows:

15              a.  Granted as to (1) plaintiff's due process claim, on grounds of non-exhaustion;

16              and (2) plaintiff's Eighth Amendment claim against defendant Carey; and

17              b.  Denied as to plaintiff's Eighth Amendment claim against defendant Cervantes.

18      These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20   after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

23   objections shall be served and filed within fourteen days after service of the objections.  **DUE TO**

24   **EXIGENCIES IN THE COURT'S CALENDAR, NO EXTENSIONS OF TIME WILL BE**

25   **GRANTED.**  The parties are advised that failure to file objections within the specified time may

26   ////

27   ////

28   ////

23

1   waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

2   1991).

3   DATED: August 18, 2014

4

5   ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24