UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST CASSELL WOODS, II,

Plaintiff,

v.

TOM L. CAREY, et al.,

Defendants.

No. 2:04-cv-1225-MCE-AC-P

ORDER

Plaintiff, a state prisoner proceeding pro se with a civil rights action, and who has filed an application to proceed in forma pauperis, has requested appointment of counsel.

District courts may not require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However, where willing counsel is available, the district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004), cert. denied, 545 U.S. 1128 (2005).

The district court may appoint such counsel where "exceptional circumstances" exist. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), cert. denied, 559 U.S. 906 (2010) (citing Agyeman, 390 F.3d at 1103). In determining whether or not exceptional circumstances exist, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" Palmer,

560 F.3d at 970 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. See, e.g., Guess v. Lopez, 2014 WL 1883875 at *5 (E.D. Cal. 2014) (Claire, M.J.). The court has read plaintiff's does not find exceptional circumstances in this case, at this time.

In the same motion, plaintiff also requests a grand jury investigation and the appointment of a federal investigator. However, plaintiff's motion does not explain the legal authority for the court to grant either motion, nor does the unsworn factual narrative explain how such actions would be warranted in this case. Accordingly those requests will be denied at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel, a grand jury investigation and appointment of a federal investigator (ECF No. 324) is DENIED.

DATED: October 20, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE