UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST CASSELL WOOD, II, | No. 2:04-cv-1225 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| TOM L. CAREY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court are plaintiff's motion to lift the stay of the court's September 29, 2014 order (ECF No. 341), plaintiff's letter requesting that he be permitted to "file an 'emergency 60B motion'" or that he be given an extension of his time to file a notice of appeal (ECF No. 344), plaintiff's motion for leave to file a motion pursuant to Federal Rule of Civil Procedure 60(b) and subpoena defendant Carey (ECF No. 345), and plaintiff's motion to file a late notice of appeal (ECF No. 347).

I.     <u>Motion to Lift Stay</u>

Defendant Cervantes was previously directed to satisfy the 2009 judgment in this case and file a notice of compliance.  ECF No. 323.  Cervantes subsequently requested a settlement conference be scheduled and moved to stay the order directing him to satisfy the 2009 judgment until the conclusion of the settlement conference.  ECF No. 334.  The court granted the request

1

1  for a settlement conference and stayed the order requiring satisfaction of the 2009 judgment.
2  ECF No. 335.  A settlement conference was scheduled for January 7, 2016.  ECF No. 338.
3  Plaintiff now moves for an order lifting the stay and requiring defendant Cervantes to satisfy the
4  2009 judgment.  ECF No. 341.

5       In his motion, plaintiff requests the stay be lifted so that he can have the money sent to his
6  parents.  Id.  Defendant opposes the motion, claiming that lifting the stay "would frustrate
7  Defendant's motivation to participate in settlement negotiations in this action," but states that he
8  does not oppose moving the conference to an earlier date.  ECF No. 342.  Plaintiff replies that
9  keeping the stay in place "would frustrate plaintiff's motivation to participate in settlement
10 negotiations."  ECF No. 346.  He also makes numerous allegations against various department of
11 corrections staff and requests the court review his case for "extraordinary circumstances that
12 warrant appointment of counsel."  Id.

13      Both parties claim that doing as the other party requests with respect to the stay will
14 frustrate their motivation to participate in the settlement conference, without offering any support
15 for their respective positions.  While the court is sympathetic to plaintiff's desire to have the
16 judgment paid out immediately, in the interests of economy, it declines to lift the stay at this time.
17 With respect to defendant's offer to move the settlement conference to an earlier date, an earlier
18 settlement conference date has become available on the court's calendar and the January 7, 2016
19 settlement conference date will be vacated.  The settlement conference will be re-set to August
20 20, 2015, at 9:00 a.m., at the Robert T. Matsui Federal Courthouse, 801 I Street, Courtroom 26,
21 Sacramento, CA 95814.  A separate order and writ of habeas corpus ad testificandum will issue
22 concurrently to provide for plaintiff's attendance at the settlement conference.

23      The Inmate Locator website operated by the California Department of Corrections and
24 Rehabilitation (CDCR) indicates that plaintiff is currently incarcerated at California State Prison-
25 /////
26 /////
27
28

2

Centinela.[1]  The court will therefore direct the Clerk of the Court to update plaintiff's address on the docket to reflect that he is currently incarcerated at California State Prison-Centinela.

With respect to plaintiff's request for appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances and will deny plaintiff's request.

Finally, if plaintiff seeks to bring new claims against other department of corrections employees, he will need to present his claims in a separate action.

II.     Motion for Leave to File a Rule 60(b) Motion

Plaintiff seeks leave to file an untimely Rule 60(b) motion related to the order granting summary-judgment in favor of defendant Carey due to plaintiff's misunderstanding of the order. ECF Nos. 344, 345.  Plaintiff claims that he did not know until June 8, 2015, that defendant Carey had been dismissed from this action.  Id.

In pertinent part, Federal Rule of Civil Procedure 60(b) states that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding."  "The

---

[1]  See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule . . . ." Fed. R. Civ. P. 60(b) advisory committee's note.

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Without a Rule 54(b) certification, orders granting partial summary judgment are non-final." Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir. 1981). In partially granting the motion for summary judgment, the court did not direct entry of final judgment as to the party and claims dismissed. ECF No. 323. Because the order granting partial summary judgment is not a final order, Rule 60(b) is not applicable and plaintiff's motion for leave to file a Rule 60(b) motion is denied. See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 880 (9th Cir. 2000) (finding that "a preliminary injunction is not a 'final judgment, order, or proceeding' that may be addressed by motion under Rule 60(b)" because it is an "interlocutory order"); St. Mary's Health Ctr. v. Bowen, 821 F.2d 493, 498 (8th Cir. 1987) (refusing to grant Rule 60(b) relief because a partial summary judgment order is not a final judgment).

To the extent plaintiff seeks leave to file a motion for reconsideration of the district court's order pursuant to Rule 54(b), his request will also be denied. Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000). Generally stated, reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has

/////

become available, or it is necessary to correct clear error or prevent manifest injustice.  See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation.  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); see also Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).  Motions to reconsider are also "not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented."  United States v. Navarro, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), rev'd on other grounds, 160 F.3d 1254 (9th Cir. 1998).  Ultimately, a party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citations and internal quotes omitted).

Though plaintiff has not submitted a proposed motion for reconsideration, he states that if he had known that Carey had been dismissed "he would have appealed the Court's decision citing the Ninth Circuit order showing that defendant Carey knew of the violations, failed to act to prevent them and committed perjury to conceal his knowledge."  ECF No. 345 at 1.  This is essentially the same argument that plaintiff made in his objection to the findings and recommendation (ECF No. 318 at 1-2), which also belies his claim that he was unaware that defendant Carey had been dismissed.

Because it appears that plaintiff seeks to re-assert arguments that he has already made and he has not filed a proposed motion for reconsideration that demonstrates otherwise, his motion for leave to file a motion for reconsideration will be denied.

Included with plaintiff's motion for leave to file a Rule 60(b) motion is a request to subpoena defendant Carey as a witness for the settlement conference.  ECF No. 345.  Since witnesses do not participate in settlement conferences, plaintiff's request will be denied.

/////

/////

III.   Motion to File a Late Notice of Appeal

"The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court. 28 U.S.C. § 1291.

Plaintiff seeks leave to file a late notice of appeal related to the order partially granting defendants' motion for summary judgment (ECF No. 323). ECF Nos. 344, 347. As set forth in Section II above, the order partially granting defendants' motion for summary judgment was not a final judgment. "Absent special circumstances not present here, [the Ninth Circuit] does not have jurisdiction to hear appeals from such orders." Chacon, 640 F.2d at 222 (citing Strozier v. General Motors Corp., 584 F.2d 755 (5th Cir. 1978); Backus Plywood Corp. v. Commercial Decal, Inc., 317 F.2d 339, 341 (2d Cir. 1963)); see also 28 U.S.C. § 1292 (setting out when the court of appeals has jurisdiction over an interlocutory appeal).

Since the order dismissing defendant Carey is not a final, appealable order, plaintiff's time to file a notice of appeal with respect to that order has not yet begun to run and any notice of appeal would be premature. Plaintiff's motion to file a late notice of appeal is therefore denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to lift the stay of the court's September 29, 2014 order (ECF No. 341) is denied.

2. The January 7, 2016 settlement conference is vacated. This case is set for a settlement conference before Magistrate Judge Allison Claire on August 20, 2015, at 9:00 a.m., at the Robert T. Matsui Federal Courthouse, 801 I Street, Courtroom 26, Sacramento, CA 95814.

3. Each party must have a principle with full and unlimited authority to negotiate and enter into a binding settlement attend in person.

4. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party, or authorized person subject to this order to appear in person may result in the imposition of sanctions.

5. Defendant shall provide a confidential settlement statement to chambers, no later than August 13, 2015, via e-mail to acorders@caed.uscourts.gov. Plaintiff has already submitted his

confidential settlement statement (see ECF No. 340) and it is not necessary for him to send another copy.  Such statements are neither to be filed with the Clerk nor served on the opposing party.  However, each party shall notify the other party that the statement has been submitted to the judge's chambers.

6. The Clerk of the Court is directed to fax a courtesy copy of this order to the Litigation Coordinator at California State Prison-Centinela at (760) 337-7650.

7. The Clerk of the Court is directed to update plaintiff's address of record to reflect that he is currently housed at California State Prison, Centinela, Facility A, P.O. Box 901, Imperial, CA 92251.

8. Plaintiff's request for appointment of counsel (ECF No. 346) is denied.

9. Plaintiff's motions for leave to file a Rule 60(b) motion or other motion for reconsideration (ECF Nos. 344, 345) are denied.

10. Plaintiff's request to subpoena defendant Carey as a witness for the settlement conference (ECF No. 345) is denied.

11. Plaintiff's requests for leave to file a late notice of appeal (ECF Nos. 344, 347) are denied.

DATED:  July 31, 2015.

          /S/ Allison Claire          
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE