UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST CASSELL WOODS, II,<br><br>Plaintiff,<br><br>v.<br><br>TOM L. CAREY, et al.,<br><br>Defendants. | No. 2:04-cv-1225 MCE AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court are plaintiff's motions for reconsideration (ECF No. 377), to compel (ECF No. 378), for subpoena (ECF No. 379), to appoint counsel (ECF No. 380), and to file a notice of appeal (ECF No. 381).

Plaintiff has filed a motion which he identifies as being brought pursuant to Federal Rule of Civil Procedure 60(b).  ECF No. 377.  In the motion, plaintiff seeks reconsideration of the findings and recommendations that recommended enforcement of the settlement agreement in this case.  Id.  These findings and recommendations have yet to be adopted by the district judge, making a Rule 60 motion premature.  Plaintiff's motion shall instead be construed as objections to the November 18, 2015 findings and recommendations.  Defendant may file a response within fourteen days of the filing of this order.

Plaintiff has also filed a motion to compel defendant to issue legal property.  ECF No.

1

1    378.  In this motion, plaintiff alleges that his legal papers have been confiscated as a disciplinary
2    measure and that he has been prevented from filing opposition papers with the court.  Plaintiff
3    offers no evidence that defendant was responsible for the alleged confiscation or that he cannot
4    gain access to his paperwork though a request to the appropriate prison staff.  To the extent he
5    alleges that his paperwork has been lost, the court cannot order production of items that cannot be
6    located.  With respect to the claim that he has been prevented from filing opposition papers,
7    plaintiff does not identify what or when he has been prevented from filing.  Plaintiff's motion will
8    be denied.
9          Plaintiff next requests to subpoena "the federal and state officers who were at the
10   settlement conference" so that they can "'testify' to plaintiff's 'duress' claims that he made to the
11   court during the conference, even though he never used the term duress."  ECF No. 379.  As the
12   court expalined when it denied plaintiff's request for an evidentiary hearing, an evidentiary
13   hearing was not necessary in this case because the material terms of the oral settlement agreement
14   and the parties' assent was on the record and the undersigned facilitated the settlement
15   conference.  ECF No. 374 at 4-5.  Moreover, plaintiff was given an opportunity to explain, on the
16   record, why he believed that he was under duress.  Recording of November 4, 2015 hearing at
17   1:36:09-36:07, 1:42:02-43:18.  The court finds no grounds to subpoena unidentified individuals to
18   provide unspecified testimony that would be, at best, duplicative of plaintiff's testimony.
19   Plaintiff's motion to subpoena witnesses will be denied.
20         Plaintiff's next motion is for appointment of counsel.  ECF No. 380.  The United States
21   Supreme Court has ruled that district courts lack authority to require counsel to represent indigent
22   prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In
23   certain exceptional circumstances, the district court may request the voluntary assistance of
24   counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
25   1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  "When determining
26   whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the
27   merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the
28   complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009)

(quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

Plaintiff argues that exceptional circumstances exist in this case because prison officials refuse to issue his legal property and prevented him from filing unspecified papers.  In denying plaintiff's previous request for counsel the court found that plaintiff's lack of legal documents does not constitute exceptional circumstances and that plaintiff has already demonstrated his ability to successfully represent himself at trial in this case.  ECF No. 374 at 6.  Plaintiff has not presented any additional information or new circumstances that would alter this decision. Plaintiff's motion for counsel also includes a request for leave to file a motion for unspecified injunctive and declarative relief.[1]  ECF No. 380.  Since the undersigned has recommended enforcement of the settlement agreement and dismissal of the case, plaintiff's requests for counsel and for leave to file a motion for injunctive and declaratory relief will be denied.

Finally, plaintiff has filed a document entitled "Notice of Appeal" in which he requests leave to file his notice of appeal.  ECF No. 381.  Plaintiff has previously indicated that he intends to appeal a number of the court's decisions and his request for leave does not identify which orders he will be appealing.  Furthermore, the November 18, 2015 findings and recommendations have not yet been adopted by the district judge and judgment has not been entered, so there is no final order to appeal.  Plaintiff's request for leave to file a notice of appeal will be denied because it does not specify the orders plaintiff seeks to appeal and it is premature.  In the event the recommendations to enforce the settlement agreement and dismiss the case are adopted by the district judge, plaintiff may appeal that decision once the district judge issues an order adopting the November 18, 2015 findings and recommendations and judgment is entered.

Summary

Plaintiff's motion for reconsideration has been filed too early because there is no final order to reconider.  The motion is interpreted as objections to the November 18, 2015 findings

////

---

[1] It appears that the relief sought is likely related to the alleged deprivation of paperwork.

3

and recommendations that recommend enforcement of the settlement agreement and dismissal of the case.

Plaintiff's request for his paperwork is denied because he does not show that defendant had anything to do with his paperwork and this case has been recommended for dismissal. He also does not show that he has asked the proper officers, and, to the extent he claims his papers are lost, the court cannot order production of lost documents.

Plaintiff's motion for a subpoena is denied because an evidentiary hearing regarding the enforceability of the settlement agreement was not needed in this case, because the undersigned oversaw the settlement conference. Also, plaintiff does not identify who he wants to subpoena or what they will say.

Plaintiff's motion for counsel is denied because his alleged inability to access his paperwork is not an exceptional circumstance and because this case has been recommended for dismissal.

Plaintiff's motion for leave to file a motion for preliminary injunction is denied because plaintiff does not identify what he wants and the undersigned has recommended that this case be dismissed.

Plaintiff's motion for leave to file a notice of appeal is denied because it does not state which orders plaintiff wants to appeal and it is too early to file a notice of appeal. Plaintiff may appeal the enforcement of the settlement conference if and when the district judge adopts the November 18, 2015 findings and recommendations and dismisses the case and enters judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 377) is construed as plaintiff's objections to the November 18, 2015 order and findings and recommendations (ECF No. 374). Defendant may respond within fourteen days of the filing of this order.

2. Plaintiff's request to compel production of his paperwork (ECF No. 378) is denied.

3. Plaintiff's motion for a subpoena (ECF No. 379) is denied.

4. Plaintiff's motion to appoint counsel (ECF No. 380) is denied.

////

5.  Plaintiff's request to file a motion for preliminary injunction (ECF No. 380) is denied.

6.  Plaintiff's motion for leave to file a notice of appeal (ECF NO. 381) is denied.

DATED: December 7, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE